# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | (For Revocation of Probation or Supervised Release) |
| JHAREKA LERET WELCH | Case Number: 8:02-CR-449-T-17TBM |
| | USM Number: 40730-018 |
| | AFPD David Secular |
| | Defendant's Attorney |

**THE DEFENDANT:**

__X__ did not admit guilt to violation of charge number(s) 1, 2 and 3 of the term of supervision and these charges shall remain pending.

__X__ admitted guilt to violation of charge number(s) 4 and 5 of the term of supervision

| Violation Charge Number | Nature of Violation | Violation Ended |
|---|---|---|
| 4 | Positive urinalysis for marijuana | December 10, 2008 |
| 5 | Failure to comply with the Home Detention Program | February 26, 2009 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 13, 2009
Date of Imposition of Judgment

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

MARCH 13th, 2009
Date

DEFENDANT: JHAREKA LERET WELCH
CASE NUMBER: 8:02-CR-449-T-17TBM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **THIRTY (30) DAYS**.

The defendant is **REMANDED** to custody for **PROCESSING** and **RELEASE** from custody **TODAY, March 13, 2009**.

The Defendant shall **SURRENDER** to the custody of the United States Marshal Service on **Monday, March 23, 2009, before 5:00 PM**, to resume service of the above imposed IMPRISONMENT TERM of **THIRTY (30) DAYS**.

### RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THIRTY-SIX (36) MONTHS**.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year.

- \_ The mandatory drug testing provisions of the Violent Crime Control Act are waived. However, the court authorizes the Probation Office to conduct random drug testing not to exceed 104 tests per year.
- **X** The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.
- **X** The defendant shall cooperate in the collection of DNA as directed by the probation officer.
- \_ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer.
- \_ The defendant shall participate in an approved program for domestic violence.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JHAREKA LERET WELCH
CASE NUMBER: 8:02-CR-449-T-17TBM

# SPECIAL CONDITIONS OF SUPERVISION

X    The defendant shall reside at the Residential Reentry Center (RRC) for a period of **ONE HUNDRED TWENTY (120) DAYS** and shall observe the rules of that facility. While at the center, you shall be placed in the Community Confinement Component of the program, follow all center rules, and the probation officer's instructions regarding the implementation of this court directive. Further, you shall contribute towards the cost of subsistence and may be required to pay for a physical examination at your own expense prior to entering the program. Cost of transportation to and from the RRC shall be the responsibility of the offender.

X    The defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

X    The defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, the defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon the completion of this program, the defendant is directed to submit to random drug testing.